IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH HARRIS,** | : | CIVIL ACTION NO. 1:05-CV-2447 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **KIM HILT, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the petition will be denied.

I. **Statement of Facts**

On March 8, 2005, Harris pled guilty in the Court of Common Pleas of York County to failing to register his current or intended address with the Pennsylvania State Police in violation of the registration requirements of Pennsylvania's Megan's Law Statute.  (Doc. 18-2, p. 3).  On that same day, he was sentenced to a twenty-seven to fifty-four month term of incarceration.  (Doc. 18-2, p. 8).  He was re-sentenced on August 3, 2005, to serve twelve months minus one day to twenty-four months minus two days.[1]  (Doc. 18-2, p. 3).  His maximum release date is August 9,

---

[1] Harris' motion for reconsideration of his sentence was granted.  The court concluded that although his offenses occurred in April through August 2004, he should have been sentenced in accordance with the amended version of 18 PA.C.S.A. § 4915 which changed the grading of the offense from a third degree felony to a second degree misdemeanor.  (Doc. 18-2, pp. 3, 11).

2006.  He did not file a direct appeal of his August 3, 2005 sentence.  Nor did he pursue relief *via* the Post Conviction Relief Act, 42 PA. C.S.A. § 9541 *et seq*.

Further, Harris does not have a suitable release plan and has chosen to "max out" his sentence in the York County Prison.  (Doc. 18-2, p. 17).  At the conclusion of his sentence, he will be released to a state of Maryland detainer.  (Id.)

He contends that his state of Pennsylvania sentence is invalid.  He also avers that he is being unlawfully detained and seeks to be released to Maryland authorities.

## II.    Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973).  However, habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S.

838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. Id.

In the matter *sub judice*, in failing to challenge the validity of his sentence, either by filing a direct appeal or pursuing collateral proceedings, Harris has failed to exhaust his state court remedies. Consequently, the petition will be denied.

Harris also challenges respondents' failure to release him to the state of Maryland detainer. However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Harris' sentence does not expire until August 9, 2006. Hence, he is not entitled to relief on this claim.

An appropriate order will issue.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      April 24, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH HARRIS,** | : | **CIVIL ACTION NO. 1:05-CV-2447** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **KIM HILT**, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, this 24th day of April, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge